**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shayne Patrick Lundeen, | CV 18-0304-TUC-FRZ (LAB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles Ryan; et al., | |
| Respondents. | |

Pending before the court is a petition for writ of habeas corpus filed on June 18, 2018, by Shayne Patrick Lundeen, who challenges a judgment of conviction entered by the Pima County Superior Court. (Doc. 1); (Doc. 22, pp. 13-15)

Pursuant to the Rules of Practice of this court, the matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the petition. It is time-barred.

Summary of the Case

Lundeen was convicted after a jury trial of two counts of aggravated assault with a deadly weapon/dangerous instrument. (Doc. 22, pp. 13-15) On September 3, 2013, the trial court sentenced Lundeen to concurrent five-year sentences of incarceration to be followed by a term of community supervision. (Doc. 22, pp. 13-15)

On direct appeal, Lundeen argued his convictions were multiplicitous and violated double jeopardy. (Doc. 22, p. 54) The Arizona Court of Appeals affirmed the convictions and sentences on October 28, 2014. (Doc. 22, pp. 53-57) Lundeen sought review from the Arizona Supreme Court, but he failed to file his petition by the extended deadline, January 19, 2015. (Doc. 22, p. 59) And the court dismissed the proceedings on February 3, 2015. (Doc. 22, p. 59)

More than three years later on June 18, 2018, Lundeen filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) He claims (1) trial counsel was ineffective, (2) counsel failed to introduce certain evidence at trial and appellate counsel was ineffective, (3) the victim witness committed perjury, and (4) the police failed to collect blood evidence and the evidence admitted at trial was insufficient. (Doc. 1) He admits that he failed to present any of his issues to the Arizona Court of Appeals. (Doc. 1)

On January 25, 2019, the respondents filed an answer arguing, among other things, that the petition is time-barred. (Doc. 21) They are correct. The court does not reach the respondents' alternate arguments. Lundeen did not file a timely reply.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The petition, however, must be filed within the applicable limitation period or it will be dismissed. The statute reads in pertinent part as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

|   |   |   |
|---|---|---|
|   |   | recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or |
|   | (D) | the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. |
| (2) | | The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. |

28 U.S.C. § 2244(d). The "one-year statute of limitations . . . applies to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1170 (9th Cir. 2012).

The limitation period for all of Lundeen's claims was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see* (Doc. 18, p. 6). It does not appear to the court that any of the other possible "triggers" apply here. *See* 28 U.S.C. § 2244(d)(1). And Lundeen does not address the issue. *See* (Doc. 1, p. 11)

In this case, the direct review process ended when the time for filing a petition for review with the Arizona Supreme Court expired, January 19, 2015. (Doc. 22, p. 59); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073–74 (9th Cir. 2007) (Hemmerle's direct appeal was final upon the expiration of the time for seeking review of the Court of Appeals decision in the Arizona Supreme Court.). His judgment became final on that day. 28 U.S.C. § 2254(d)(1)(A); *see, e.g., Gullick v. Bock*, 2010 WL 457483, at *8, *18 n. 5 (D. Ariz. 2010) (The judgment becomes final when the petitioner fails to file his petition for review by the extended deadline, not when the court dismisses the proceedings), *aff'd*, 423 F. App'x 762 (9th Cir. 2011); *see also Randle v. Crawford*, 604 F.3d 1047, 1054 (9th Cir. 2010) (Judgment became final when the deadline for filing an appeal expired, not when the untimely notice of appeal was dismissed.).

The limitation period began running the next day and expired one year later on January 19, 2016. Lundeen constructively filed his petition on June 11, 2018, more than two years too late. (Doc. 1, p. 11) (On June 11, 2018, Lundeen placed the petition in the prison mailing system.) It is time-barred.

In his petition, Lundeen argues that his appellate lawyers failed to assist him and "I don't really know how to deal with it plus I only have my 8th grade mandate also SMI [severe mental illness] and collect a[n] SSI check when free from prison and I would really like you to know I'm innocent." (Doc. 1, p. 11) It appears that Lundeen is arguing that he is entitled to equitable tolling.

"[A] petitioner is entitled to equitable tolling [of the limitation statute] only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011) (punctuation modified), *cert. denied*, 131 S.Ct. 3039 (2011). "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Id*. "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." *Id*.

Lundeen asserts that he had no legal help, has a limited education, and suffers from a severe mental illness. He does not, however, explain specifically why these circumstances prevented him from filing a timely petition. The pending petition is not legally sophisticated, but it is understandable. (Doc. 1) His limited education did not prevent him from preparing his petition and articulating his issues. Accordingly, it is not evident how his limited education prevented him from filing his petition in a timely manner. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

In the Ninth Circuit, a petitioner is entitled to equitable tolling due to a mental impairment if "he did not understand his need to timely file or his mental impairment made him unable to take steps to effectuate that filing." *Bills v. Clark*, 628 F.3d 1092, 1099 n.2 (9th Cir. 2010). Lundeen does not allege either circumstance. He states that he received SSI (Supplemental Security Income), but that simply means that he is unable to hold down a full-time job due to his mental impairment. It does not mean that Lundeen's mental impairment is so severe that he could not understand the need to timely file or lacked the ability to do so. It

- 4 -

does not appear that Lundeen's mental impairment prevented him from filing a timely petition. Finally, Lundeen presents no evidence that he has been pursuing his rights diligently. Equitable tolling is not available here.

Lundeen further maintains that he is innocent. Under certain circumstances, a claim of "actual innocence" serves as a "gateway through which a petitioner may pass whether the impediment is a procedural bar or expiration of the statute of limitations." *Stewart v. Cate*, 757 F.3d 929, 937-938 (9th Cir. 2014).

"When an otherwise time-barred habeas petitioner presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the Court may consider the petition on the merits." *Stewart*, 757 F.3d at 937-938. (punctuation modified). "The Supreme Court has recently cautioned, however, that tenable actual-innocence gateway pleas are rare." *Id*. "A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. The court must "assess how reasonable jurors would react to the overall, newly supplemented record, including all the evidence the petitioner now proffers." *Stewart*, 757 F.3d at 938 (punctuation modified).

Here, however, Lundeen does not present any new evidence undermining his convictions. Instead, he asserts in a conclusory fashion that the victim perjured himself when he testified that Lundeen struck him. (Doc. 1, p. 8) Lundeen has not made a credible showing of "actual innocence" to rescue his untimely petition.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the petition for writ of habeas corpus. (Doc. 1) It is time-barred.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not

timely filed, they may be deemed waived.  The Local Rules permit a response to an objection. They do not permit a reply to a response.

DATED this 13th day of March, 2019.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge